UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

File Number 15-10248-RGS

|                                      |   |
|--------------------------------------|---|
| UNITED STATES OF AMERICA             | ) |
|                                      | ) |
| v.                                   | ) |
|                                      | ) |
| QURAN ROWELL                         | ) |

**MOTION TO PRECLUDE THE GOVERNMENT FROM RECALLING OFFICER JEREMIAH O'BRIEN FOR THE PURPOSE OF HAVING HIM TESTIFY ABOUT OBWERVATIONS MADE BY OFFICERS WHO WONT BE CALLED AT THE HEARING, OR IN THE ALTERNATIVE, FINISH THE OFFICERS TODAY AND CALL THESE PERCIPEINT EYEWITNESSES**

NOW comes the Defendant, Quran Rowell, and hereby requests this Honorable Court to preclude the Government from recalling Officer Jeremiah O'Brien, for the purpose of having him testify about what the Gang Unit Officers told him about the observations they made of the Defendant while he was passenger in the Red Odyssey.  As grounds therefore, this is blatant ambush, based upon the previous discussions between the Government and the undersigned, where the undersigned specifically asked the Government if they would presenting any evidence of the officers' observations, to which the Government said "no".  The undersigned asked the Government who they would be calling, and they responded "Officer Flaherty and Officer Brown – two non percipient eyewitnesses to any observations of the Defendant in the Red Odyssey.  The Government also indicated to the undersigned that if that changes, it would inform the Defendant.  Then the Government on this Monday, in response to questioning from Clerk Steele, that they would be calling "2 to 3" witnesses.  When the undersigned attempted to find how these 2 to 3 witnesses were, it was only then did the Government respond that it would

be calling Officer O'Brien. Since Officer O'Brien has been previously called, the undersigned asked what would be the substance of the testimony. The Government ignored the email. Assuming that the Government would be held to its promise, and not call any gang officers, unless otherwise notified, the undersigned thought nothing of it. However, this morning, in preparing for the Motion, the undersigned thought that the Government was up to something. So this morning, again, the undersigned asked the Government, what is the substance of the testimony, because he doesn't want any unexpected surprises -- to which the Government replied, in cryptic terms "he will testify about the police report". This was obviously an attempt at hiding something.

Then the undersigned outright told the Government, he would hope Officer O'Brien's testimony would not be about any observations made by another police officer, because if it was, reminding it of the previous conversations, that would be quite objectionable. The Government responded "it didn't remember the conversation like that".

The undersigned will disclose the email threads which outlines most of this discussion. He will have to disclose them in court because he does not have access to a scanner at this late hour. The bottom line is that the undersigned was told there would be no gang officers testifying and that there would be no information presented about observations of these officers. Now in the 11th hour the Government is trying to back door this testimony in through a witness who has already testified. This witness would deny the Defendant the opportunity of cross examining the officers who made the observations. Therefore, the Defendant ask that this Court preclude this officer from testifying. Or in the alternative, allow him to call the actual officers who made the observations.

        Respectfully submitted,

        QURAN ROWELL

        By his Attorney,

        /s/Gordon W. Spencer
        Gordon W. Spencer, Esq.
        BBO#630488
        945 Concord Street
        Framingham, MA 01701
        (508) 231-4822

Dated: May 4, 2017

## CERTIFICATE OF SERVICE

    I, Gordon W. Spencer, hereby certify that I have served a copy of the enclosed motion on all parties by causing it to be filed electronically via ecf.

May 4, 2017                                                           /s/ Gordon W. Spencer
Date                                                                    Gordon W. Spencer, Esq.