```
 1                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
 2

 3      * * * * * * * * * * * * * *
        *UNITED STATES OF AMERICA    *
 4                                   *   CRIMINAL ACTION
                   v.                *   No. 15-10248-RGS-2
 5      *                            *
        QURAN ROWELL                 *
 6                                   *
        * * * * * * * * * * * * * *
 7

 8

 9            BEFORE THE HONORABLE RICHARD G. STEARNS
                 UNITED STATES DISTRICT JUDGE
10                        DISPOSITION
                      January 11, 2018
11

12      APPEARANCES:

13              UNITED STATES ATTORNEY'S OFFICE, (By AUSA Leah B.
        Foley), 1 Courthouse Way, Suite 9200,  Boston,
14      Massachusetts  02210, on behalf of the United States of
        America
15

16              LAW OFFICE OF GORDON W. SPENCER, (By Gordon W.
        Spencer, Esq.), 945 Concord Street, Framingham,
17      Massachusetts  01701, on behalf of the Defendant

18

19

20                              Courtroom No. 21
                                1 Courthouse Way
21                              Boston, Massachusetts 02210

22
                        James P. Gibbons, RPR, RMR
23                        Official Court Reporter
                       1 Courthouse Way, Suite 7205
24                      Boston, Massachusetts  02210
                         jmsgibbons@yahoo.com
25
```

P R O C E E D I N G S

THE CLERK:  All rise.

(Whereupon, the Court entered the courtroom.)

THE CLERK:  We are on the record in Case No. 15cr10248, United States of America versus Quran Rowell.

Would counsel please identify themselves for the Court.

MS. FOLEY:  Good morning, your Honor.  Leah Foley for the United States.

MR. SPENCER:  Good morning, Judge.  Gordon Spencer on behalf of the defendant, Quran Rowell.

THE COURT:  All right, I know counsel have reviewed the presentence report.

The Probation Office calculates the Adjusted Offense Level at 21 with a Criminal History Category of III. Normally that would, I think, form a sentencing range of 46 to 57 months, if I recall.  We do have, however, a mandatory minimum sentence of 60 months, which also applies in the case.

Mr. Spencer, the plea was conditional, was it not?

MR. SPENCER:  Yes.  On the motion to suppress decision, yes.

THE COURT:  All right.  Can we begin then with the government's position on the case.

MS. FOLEY:  Yes, your Honor.

The government is recommending that the Court sentence

the defendant to 60 months and with a supervised release

period of five years.

    The government is also asking that the Court consider

entering a stay-away order during the period of supervised

release for at least the first year of the supervised

release; the defendant be prohibited from associating with

any persons -- and I know this is probably a typical or

standard condition of supervised release, but that it be

imposed with specific emphasis on this defendant -- anybody

who has a prior criminal record, and that the defendant be

ordered to stay away from any Section 8 housing complex or

place where he is not residing.

    It is a very depressing presentence report to read.

The defendant has been committing crimes since he was 13

years old, yet he reports having been raised by two parents

in what appears to be, you know, a close-knit family.

    His siblings appear to have all adjusted well, but this

defendant, in particular, continues to have engagement in

criminal activity just continuously.  And it's not always

just selling marijuana or selling drugs.  He has some pretty

significant prior convictions and arrests for possessions of

firearms and armed robbery.

    And when you look at this defendant's criminal history,

I don't believe Category III -- most people would think that

with this amount of arrests and this amount of convictions

1    and these charges, that Category III would be where you

2    would intuitively place this defendant.

3           THE COURT:  Well, I think the first suggested

4    condition is a standard condition that goes without saying,

5    that he not associate with persons with felony convictions.

6        Why Section 8 housing?  Is there --

7           MS. FOLEY:  Well, it seems like, what was my

8    reading of this, he seems to go to areas where people

9    generally -- where crime is high, and where people prey on

10   drug users.

11          THE COURT:  Well, I mean, you can phrase it as

12   "public housing," but "Section 8 housing" could be any

13   number of vouchers, public housing arrangements.

14          MS. FOLEY:  That's fair.

15          THE COURT:  It's a little difficult for the average

16   person to know whether somebody is Section 8 subsidized or

17   not.

18          MS. FOLEY:  Fair enough.  "Public housing."

19       And the government is not trying to cast aspersions on

20   the people who live in public housing.  The government is

21   trying to protect those people from this defendant, who

22   seems to prey either on other drug dealers, vulnerable

23   people, anyone who he feels like he can victimize.  And

24   considering the high rate of crimes that can be associated

25   with some of the public housing complexes, in Dorchester

especially, the government feels that this would not only

help protect the population who lives there, but also keep

this defendant from continuing to get into trouble.

And the government believes that the five-year term of

supervised release is warranted in this case because he's

never held a job.  Never.  He's 28 years old.  And unless

there's some miraculous turnaround and unless Probation --

you know, they're very good at helping people get back on

track.  It doesn't seem like he ever was on truck.  So I

think that Probation is going to have a huge, you know, task

working with this defendant upon his release.  But, the

government, the defense, and Probation, and the Court, I

think, all believe that it is the goal to rehabilitate this

person when he gets out of jail and hopefully to prevent him

from preying on any more victims in the community.

THE COURT:  Mr. Spencer.

MR. SPENCER:  Judge, Mr. Rowell is in agreement

with respect to the amount of incarceration, that being the

minimum mandatory 60-month sentence.  It's obvious that it's

higher than the actual Guideline Range by virtue of statute.

So I think we're in accord with respect to the number.

Mr. Rowell would respectfully ask the Court to impose a

period of supervised release of four years.  This is a

matter that stems back from 2015.  By the time that he is

released, it will be about 2020.  If he's on a period of

supervised release and whatever conditions the Court deems appropriate, I think that four years' supervised release, based upon the factual circumstances of this case, would be appropriate.

I would add that this didn't take place in public housing. This didn't take place at a particular residence. This didn't involve any crime of violence. This is simply a motor vehicle stop where Mr. Rowell was found in possession of narcotics, and, as a result, he's is going to be sentenced for that.

The additional conditions, that being stay away -- and I would just indicate I do recognize as a standard conditions he's not to associate with felons. I would indicate, and I would look for the Court's guidance, that he does have a brother that he is pretty close with that, I do believe, if I'm not mistaken, does, in fact, have felony convictions on his record. And for him to be deprived of the opportunity to spend time with his family -- I don't believe he's ever been charged with a crime alongside of his brother.

If the Court deems fit to have him not associate, obviously, with Mr. Joseph Dyer or Mr. Mohammed Kaba, those two individuals, to my understanding, also have felony convictions, obviously he would have no issue with that.

And with respect to his record, Judge, I would submit

that, yes, from the age of 13 he has picked up a fair amount

of juvenile cases, but as an adult he hasn't picked up many

crimes of violence that I noted.

He does have -- one moment, your Honor.  I'm sorry.

(Whereupon, the defendant and his counsel confer.)

MR. SPENCER:  So I would just emphasize the fact

that what we have here, frankly, and not to minimize it, but

we do have a garden-variety drug offense in the sense that

there aren't any aggravating circumstances beyond the mere

possession.  So I don't think any enhancement as far as

conditions -- surely he should be supervised, and surely he

must stay out of trouble, and surely he must try to get on

the right path, but I think anything beyond that would be

somewhat on the excessive side, given the factual

circumstances of this case.

THE COURT:  Mr. Spencer, one thing that struck me

about reading the presentence report is that your client doe

not seem to have a history of drug involvement.

MR. SPENCER:  That's correct.

You mean drug usage?

THE COURT:  Drug usage personally.

MR. SPENCER:  That's correct.

THE COURT:  That is somewhat unusual under the

circumstances of the case.

MR. SPENCER:  Understood.

1    THE COURT:  So I do not think any special drug

2    treatment conditions are necessary.

3    MR. SPENCER:  No, I don't think so.

4    THE COURT:  Mr. Rowell, you have the right to

5    address the Court if you choose.  It is not a requirement.

6    It is a right that you have.

7    THE DEFENDANT:  Yes.  Yes, I would like to.

8    THE COURT:  Please.

9    THE DEFENDANT:  I would like to apologize to the

10   Court for the -- and to my family for the crime that I have

11   committed.

12   I would like to thank my attorney, Gordon Spencer, for

13   the representation that he has provided me with and being

14   there for me for counseling through the whole course of this

15   time.

16   I would like to thank you, Honorable Judge Stearns, for

17   allowing my plea, because I know that that is not a

18   requirement.

19   And that's really it.

20   I just apologize for the crime that I have committed,

21   and I accept full responsibility as a man.

22   THE COURT:  Well, I hope that the attorneys are

23   right, that actually Probation is going to be able to be of

24   some benefit to you in getting your life on track.  Whether

25   it was on track or not on track, I don't know, but you

1    certainly, I think, will benefit ultimately from what the

2    Probation Office can offer.

3         THE DEFENDANT:  I also know that the crime that I

4    have committed is a serious crime, and I understand, and I'm

5    very aware of that.

6         Through the course of my time, though, I have a few

7    convictions as a juvenile.

8         As an adult, this is only my second time -- third time,

9    I'm sorry, running in with the law.  One of them was a

10   weed -- a marijuana charge, I'm sorry.  But this is the --

11   that was vacated.  But this is my only -- this is only my

12   third time as an adult.  I'm 28 years old, and none of them

13   have ever been within no type of complex or no type of

14   Section 8 housing nowhere or nothing of that sort.  Like

15   none of my charges were gang related or none of that.

16        THE COURT:  Again, you could be redeemed, and you

17   can redeem yourself.  You have several advantages in life.

18   You've got a family that's intact, which most defendants

19   where you're standing now do not have.  You have no history

20   of substance abuse, which is a huge positive under the

21   circumstances.  You're obviously intelligent and articulate.

22        You've got to begin making and taking advantage of the

23   assets that you do have.

24        You have a relationship, which is committed.  You have

25   a child.

1    There are a lot of good things in your life, but the

2 bad things are the crimes; and that's something you can

3 actually do something about, but you're the one who is going

4 to have to do most of the doing.

5    But I don't see you as unredeemable.  I think you have

6 a lot going for you if you take advantage of it.

7    Mr. Rowell, having considered the sentencing factors

8 enumerated at 18 United States Code Section 3553(a), it is

9 the judgment of the Court that you be committed to the

10 custody of the Bureau of Prisons for the mandatory minimum

11 term of 60 months.

12    The Court will make a judicial recommendation that you

13 participate in vocational training while in custody to

14 prepare you to enter the workforce upon release from

15 imprisonment.

16    Upon release from custody, you will be placed on

17 supervised release for a term of four years.

18    Within 72 hours of release from custody of the Bureau

19 of Prisons, you must report in person to the Probation

20 Office in the district to which you are released, which will

21 almost certainly be Massachusetts.

22    The Court will not impose a fine, as you clearly have

23 no financial ability to pay a fine at this time.

24    The Court will grant the motion for entry of the order

25 of forfeiture as filed by the government.

1       While on supervised release, you will comply with the

2  following terms and conditions:

3       You will not, of course, commit any federal, state, or

4  local crime.

5       You will not unlawfully possess a controlled substance.

6       You will refrain from any unlawful use of a controlled

7  substance.

8       You are required by law to submit to one drug test

9  within 15 days of release from custody and at least two

10  periodic drug tests thereafter, not to exceed 104 tests per

11  year, as the regulations otherwise mandate.

12       You must cooperate with the collection of a DNA sample

13  as directed by your probation officer.

14       You will comply with the standard conditions adopted by

15  the court.  These are set out in United States Sentencing

16  Guideline Section 5D1.3(c), and they will be set forth in

17  writing in the judgment.

18       The Court will, as a condition of supervised release,

19  again require that you participate in a vocational services

20  training program as directed by the Probation Office.  That

21  program may include job-readiness training and/or skills

22  development as perceived necessary.

23       You may be required to contribute to the cost of such

24  training based on your ability to pay or the availability of

25  a third-party payor.

1    It is further ordered that you pay to the United States

2    a special assessment of $100.  That will be due immediately.

3    I think in terms of the non-association, I do not think

4    Probation would enforce that condition with respect to your

5    brother.  I do not think we do that --

6    PROBATION OFFICER:  No, your Honor.

7    THE COURT:  -- in terms of interfamily

8    relationships.  I do not think that need be a concern,

9    Mr. Spencer.

10    MR. SPENCER:  Thank you.

11    THE COURT:  I will order you to stay out of public

12    housing complexes in the Roxbury and Dorchester sections of

13    Boston.

14    Section 8 I think is just too, as I said, broad a term

15    and difficult.  I wouldn't know what was Section 8 or what

16    wasn't, but I don't want you unnecessarily exposed to

17    anything that causes problems that you do not otherwise

18    need.

19    I know it is somewhat superfluous, given the fact that

20    there is going to be an appeal, because that was a condition

21    of the plea, but I still think we should give the advice of

22    the right of appeal.

23    THE CLERK:  Please stand.

24    You have the right to file a Notice of Appeal in this

25    case.  If you do wish to file a Notice of Appeal, you must

file it within 14 days from the date in which I enter the Judgment.  If you cannot afford an attorney to file the appeal on your behalf, you may request me to do it, and I will file it in the Clerk's Office for you.

THE COURT:  All right, Mr. Rowell, I never know whether my words will be taken seriously or not.  Perhaps you will take them seriously.  Some people have, and they really have turned their lives around.  I hope you're going to be one of them.  But good luck.

THE DEFENDANT:  Thank you.

MR. SPENCER:  Thank you, Judge.

THE COURT:  All rise.

THE CLERK:  All rise.

(Proceedings adjourned.)

# **C E R T I F I C A T E**

I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/s/James P. Gibbons                    January 29, 2018
    James P. Gibbons


              JAMES P. GIBBONS, CSR, RPR, RMR
                 Official Court Reporter
                1 Courthouse Way, Suite 7205
                Boston, Massachusetts 02210
                   jmsgibbons@yahoo.com